# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# CHARLESTON DIVISION

| | | |
|---|---|---|
| Estela Lebron, for herself and as Mother and Next Friend of Jose Padilla, Jose Padilla | : : : : : : | Case No. _____ |
| *Plaintiffs* | : : : | |
| v. | : : : | **JURY DEMAND** |
| Donald H. Rumsfeld, John Ashcroft, Robert M. Gates, Secretary of Defense C. T. Hanft, Commander, Consolidated Naval Brig, M.A. Marr, Commander, Consolidated Naval Brig, Vice Admiral Lowell E. Jacoby, Director, Defense Intelligence Agency, Michael H. Mobbs, Special Advisor to Undersecretary of Defense for Policy, John Does, 1-50, In their individual capacities, | : : : : : : : : : : : : : : : | **COMPLAINT** |
| *Defendants*. | : | |

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), and directly under the U.S. Constitution.

4. Plaintiff Estela Lebron is Jose Padilla's mother. She sues for herself and as next friend for Jose Padilla. Plaintiff Jose Padilla's mental competence is currently being adjudicated in a criminal proceeding in the U.S. District Court for the Southern District of Florida.

2. Plaintiff Jose Padilla, a U.S. citizen arrested on American soil, was detained without criminal charge from June 9, 2002 until January 5, 2006 at the Naval Consolidated Brig in Charleston, South Carolina as an "enemy combatant." From June 9, 2002 until March 4, 2004, Plaintiff was held incommunicado and was not allowed any access to the outside world, including the courts, legal counsel, or his family. Plaintiff is not an enemy combatant. He was not afforded any opportunity to challenge his detention before a neutral decision-maker, and his incommunicado detention was unauthorized by law.

3. During his detention, Padilla was subject to coercive interrogation practices that were designed to break his will and that shock the conscience. On information and belief, he was subject to sleep deprivation, sensory deprivation, extreme isolation and other harsh and unconstitutional conditions of confinement, many of which continued even after he was allowed limited contact with legal counsel beginning on March 4, 2004.

3. Padilla's unlawful detention and mistreatment while in custody violated numerous clearly established constitutional, statutory, treaty and common law rights, including but not limited to, his rights to procedural and substantive due process; his right to be free from cruel or unusual punishment; his right to freely exercise his religion; his right to access information; his right to association with family members (including his mother), and their right to associate with him; his right of access to legal counsel; his right of access to court; his right against compelled

self-incrimination; his right to be free from torture and other cruel, inhuman, humiliating and degrading treatment and from treatment that shocks the conscience; his right against arbitrary and unreasonable seizure and detention; and his right to be free from governmental conspiracies intended to deprive him of his rights, privileges and immunities under the law.

5. Defendants, who are sued in their individual capacities, acted under color of law and were personally responsible for developing, authorizing, supervising, and/or implementing Plaintiff Jose Padilla's unconstitutional detention, interrogation, and conditions of confinement. John Does 1-50 are additional defendants who participated in the violation of Plaintiffs' rights as described in this complaint (as policymakers, supervisors, interrogators or guards) and whose names will be ascertained in discovery.

6. Plaintiff Jose Padilla suffered and continues to suffer serious mental and physical harm as a result of Defendants' conduct. These harms are exacerbated by the fear that he will again be detained as an enemy combatant, a possibility which the government has acknowledged.

7. Plaintiffs seek to vindicate their constitutional rights and ensure that neither Padilla nor any other person is treated this way in the future. Plaintiffs request a declaration that Defendants' conduct was unlawful and violated plaintiffs' rights; an injunction against Padilla's re-detention as an enemy combatant; money damages of $1 against each Defendant; and all other relief as may be just and appropriate.

8. Plaintiffs request a jury trial.

Respectfully submitted,

February 9, 2007

S/Michael P. O'Connell
Michael P. O'Connell FED ID NO. 4260
STIRLING & O'CONNELL
145 King Street, Suite 410
Post Office Box 882
Charleston, SC  29402
(843) 577-9890
South Carolina Identifications 4260

Jenny S. Martinez (*pro hac vice forthcoming*)
559 Nathan Abbott Way
Stanford, CA  94305
(650) 725-2749

Jonathan M. Freiman (*pro hac vice forthcoming*)
National Litigation Project
Allard K. Lowenstein International Human Rights Clinic
Yale Law School
P.O. Box 208215
New Haven CT 06520-8215
(203) 498-4584

*Of Counsel:*
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
New Haven, CT 06510-7001