IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JOSE PADILLA, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DONALD H. RUMSFELD, et al., )<br>)<br>Defendants. )<br>) | Case No. 2:07-410-HFF-RSC |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY
UNITED STATES SECRETARY OF DEFENSE
IN HIS OFFICIAL CAPACITY**

**INTRODUCTION**

Plaintiff José Padilla, who was formerly held in military custody as a presidentially declared enemy combatant, was transferred to civilian custody in January 2006 and has now been convicted of several terrorism-related offenses — specifically, conspiring to murder, kidnap, and maim persons outside the United States; conspiring to provide material support for terrorists; and providing material support for terrorists. [1] Padilla was sentenced to a total of seventeen years and four months on those convictions. He is currently serving that sentence, in the custody of the Federal Bureau of Prisons. [2]

This action relates to Padilla's former detention by the military as an enemy combatant. Plaintiffs (Padilla and his mother) seek a declaration that his military detention was unconstitutional, an injunction against his ever being redetained as an enemy combatant in the

---

[1] 18 U.S.C. §§ 956(a)(1), 2339A(a), 2339A(a).

[2] Padilla has appealed his conviction and sentence, and the United States has appealed the sentence.

future, and personal damages against various government officials and employees in relation to his treatment while in military custody. Although most of plaintiffs' claims are directed at defendants in their personal capacities only, they allege one claim against the Secretary of Defense ("Secretary") in his official capacity. This motion relates to that one claim.[3]

Plaintiffs assert that the Secretary has violated the Administrative Procedure Act and their substantive due process rights by "demonstrat[ing] deliberate indifference" to (1) the allegedly "substantial risk" that he will again be subjected to military custody, and (2) "the ongoing deprivation of liberty, psychological harm, and other collateral effects of the unlawful 'enemy combatant' designation, which remains in effect." See Third Amended Complaint at 41. On this basis, plaintiffs seek a declaration that the challenged actions are "unlawful and violate[ ] the Constitution," and "[a]n injunction to prevent Mr. Padilla from being redetained by the Department of Defense as an 'enemy combatant.'" Id. at 42.

Plaintiffs' claim against the Secretary fails for lack of standing. In light of Padilla's criminal convictions and the sentences he is now serving, there is no "real and immediate threat" that he will again be detained as an enemy combatant, and thus plaintiffs have no standing to seek declaratory or injunctive relief regarding such detention. See Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). Further, plaintiffs have not, and cannot, point to any "concrete" cognizable injury that they are currently suffering due to any "collateral effects" of Padilla's designation as an enemy combatant. See Whitmore v. Arkansas, 495 U.S. 149, 155 (1990).

---

[3]The Secretary incorporates herein by reference the Background section of the Individual Federal Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint in this action, filed on August 25, 2008.

2

# ARGUMENT

The power of federal courts extends only to "Cases" and "Controversies." See U.S. Const. art. III, § 2. To satisfy this requirement, a plaintiff must demonstrate, as the "irreducible constitutional minimum" of standing to sue, an "injury in fact," a "fairly traceable" causal connection between the injury and defendant's conduct, and a "likelihood" that the requested relief will redress the alleged injury. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-03 (1998) see Miller v. Brown, 462 F.3d 312, 316 (4th Cir. 2006) ("The doctrine of standing is an integral component of the case or controversy requirement."). If the plaintiff lacks standing, the Court lacks subject matter jurisdiction. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) ("standing 'is perhaps the most important of [the jurisdictional] doctrines'") (quoting Allen v. Wright, 468 U.S. 737, 750 (1984)); Bryant v. Cheney, 924 F.2d 525, 529 (4th Cir. 1991) ("Doctrines like standing, mootness, and ripeness are simply subsets of Article III's command that the courts resolve disputes, rather than emit random advice."). These requirements apply to requests for declaratory relief as well as to requests for injunctive relief. See White v. National Union Fire Ins. Co., 913 F.2d 165, 167 (4th Cir. 1990). [4]

---

[4] That plaintiffs invoke the Administrative Procedure Act in their claim against the Secretary does not change the analysis into whether they have alleged an adequate "injury in fact" for standing purposes. See Pye v. United States, 269 F.3d 459, 466-67 (4th Cir. 2001) ("In cases brought under the Administrative Procedure Act ["APA"], the standing inquiry includes both a constitutional analysis and a prudential inquiry. Thus, to demonstrate standing in the context of the [APA], not only must a plaintiff show that he has suffered an injury in fact that is fairly traceable to the defendant's conduct and that a court can provide relief to redress the injury, but also he must show that the injury in fact is within the zone of interests protected by the statute.") (citations omitted); Aiken County v. Bodman, 509 F. Supp. 2d 548, 552 (D.S.C. 2007) ("A prerequisite for the exercise of a right to review under the APA is that the plaintiff must satisfy the minimum standing requirements of Article III.") (emphasis in original).

In attempted support of their claim against the Secretary of Defense in his official capacity, plaintiffs allege two injuries — one a fear of future injury based on past events, and the other an allegedly present injury.  Specifically, plaintiffs allege a "substantial risk" that Padilla will again be subjected to military custody as an enemy combatant, and an "ongoing deprivation of liberty, psychological harm, and other collateral effects of the unlawful 'enemy combatant' designation."  See Third Amended Complaint at 41.  Neither of these alleged injuries will support a cognizable claim under the Constitution:  The fear of future injury is too speculative, and the claim of present "injury" is too ephemeral and subjective.

To establish the "injury in fact" needed for equitable relief — either for a declaratory judgment or for the "extreme remedy" of an injunction — a plaintiff must show a "real and immediate threat" of "irreparable injury" due to the challenged conduct.  See Los Angeles v. Lyons, 461 U.S. 95, 111 (1983); Simmons v. Poe, 47 F.3d 1370, 1382 (4th Cir. 1995) (affirming denial of claim for declaratory and injunctive relief because plaintiff "[did] not meet the standard articulated in Lyons for the granting of injunctive or declaratory relief"); see also Simmons, id. ("The law is well settled that federal injunctive relief is an extreme remedy.").  "Past exposure to [the same type of] conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects," O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974); rather, standing to seek equitable relief turns on "the likelihood of substantial and immediate irreparable injury" in the future.  Id. at 502; see Lyons, 461 U.S. at 111; Simmons, 47 F.3d at 1382 (finding no standing where plaintiff could not show "either a continuing wrong or a real or immediate threat that he would likely be irreparably injured by the use of [the challenged conduct]").  No standing will be found if the claimed future

4

injury is "speculative" or "conjectural," no matter how much the plaintiff may subjectively fear such injury.  Lyons, 461 U.S. at 111; Bryant, 924 F.2d at 529; see United States v. W. T. Grant Co., 345 U.S. 629, 633 (1953) ("something more than the mere possibility" needed to justify injunctive relief).  "It is the reality of the threat of repeated injury that is relevant to the standing inquiry, not the plaintiff's subjective apprehensions."  Lyons, 461 U.S. at 107 n.8 (emphasis in original).

Under these principles, plaintiffs' fear as to Padilla's future redetention as an enemy combatant does not confer standing to seek a declaration regarding Padilla's past detention, nor an injunction against such redetention.  Padilla has recently begun serving a sentence of more than seventeen years on three terrorism-related offenses.  Plaintiffs allege no effort on the part of the government to return him to military custody.[5]  Just as Padilla's earlier military detention ended upon his transfer to civilian custody to face these criminal charges, any "real and immediate threat" of a return to military custody disappeared upon his conviction.  See Lyons, 461 U.S. at 111.  Thus, Padilla's civilian detention is likely to continue for the foreseeable future, and there is no current threat that he will again be detained as an enemy combatant.  Plaintiffs' "subjective apprehensions" that Padilla may again be detained militarily are purely "speculative," id. at 107 n.8, 111, and do not support standing against the Secretary of Defense.  A "mere

---

[5]The only evidence cited in support of Padilla's fear of redetention as an enemy combatant is a statement allegedly made by a Deputy Solicitor General to Padilla's counsel, to the effect that the government "could" return him to military custody at any time.  See Third Amended Complaint ¶ 127.  That statement, however, was purportedly made on November 23, 2005, see id. — while Padilla was still in military custody.  Plaintiffs allege no statement or act of any kind after Padilla's transfer to civilian custody for criminal prosecution which indicates a "real and immediate" threat to return Padilla to military detention.

5

possibility" is insufficient to give plaintiffs standing to secure equitable relief. See Halkin v. Helms, 690 F.2d 977, 1005-06 (D.C. Cir. 1982). [6]

Nor can plaintiffs establish standing based on any present "collateral effects" of Padilla's designation as an enemy combatant, such as an abstract "deprivation of liberty" or subjective "psychological harm." See Third Amended Complaint at 41. The injury needed for standing must be "concrete," "objective," and "palpable," rather than merely "abstract" or "subjective." See Whitmore v. Arkansas, 495 U.S. 149, 155 (1990); Bigelow v. Virginia, 421 U.S. 809, 816-17 (1975). A plaintiff must identify the "concrete" injury on which his claim is based. See, e.g., Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 485-86 (1982); see also Friends for Ferrell Parkway, LLC v. Stasko, 282 F.3d 315, 321 (4th Cir. 2002) ("a central problem in standing doctrine is how to characterize the relevant injury").

Plaintiffs in this case do not explain what "liberty" interest they seek to avenge in relation to Padilla's designation as an enemy combatant. Given Padilla's current status as an inmate in the federal prison system, it is difficult to see how they could have a cognizable interest in protecting Padilla's (or his mother's) physical "liberty" interests against a governmental designation under which he has not been restrained for more than two and a half years. See Washington v.

---

[6] Closely related to standing is the concept of "ripeness," under which "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). Ripeness is essentially "standing on a timeline." Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000); see Miller v. Brown, 462 F.3d 312, 319 (4th Cir. 2006) ("Analyzing ripeness is similar to determining whether a party has standing."). The result here would be the same if plaintiffs' claim for equitable relief were analyzed under ripeness doctrine rather than standing. Plaintiffs' claim is "dependent on future uncertainties" and is thus not "fit for judicial decision." See Miller, 462 F.3d at 319. Nor would there be any "hardship" to plaintiffs from "withholding court consideration" of the claim, as there is no "immediate" threat of redetention. Id. at 319, 321.

Glucksberg, 521 U.S. 702, 719-20 (1997) (listing protected liberty interests).  Moreover, in light of Padilla's status as a convicted supporter of international terrorism, it is equally difficult to see how plaintiffs could have any justiciable interest in any other "liberty" interest protected by the Due Process Clause, such as the protection of one's "good name, reputation, honor, or integrity" (assuming any such interest applies here).  See Sciolino v. City of Newport News, Va., 480 F.3d 642, 645-46 (4th Cir. 2007); see also Ridpath v. Board of Governors Marshall Univ., 447 F.3d 292, 307-12 (4th Cir. 2006) (describing circumstances in which harm to reputation may constitute constitutionally cognizable injury).

      Further, plaintiffs have no standing to assert any "psychological harm" under the present circumstances.  As a general rule, the courts have rejected mere mental or emotional harm, without more, as a basis for standing.  See United States v. 5 S 351 Tuthill Road, Naperville, Ill., 233 F.3d 1017, 1022 (7th Cir. 2000) ("Purely psychological harm suffered by a plaintiff is not sufficient to establish standing."); Humane Soc. v. Babbitt, 46 F. 3d 93, 98 (D.C. Cir. 1995) ("[G]eneral emotional 'harm,' no matter how deeply felt, cannot suffice for injury-in-fact for standing purposes."); Newdow v. Bush, 391 F. Supp. 2d 95, 103 (D.D.C. 2005) ("Generally, 'psychic injury' (i.e., feeling offended) is not sufficient to establish an injury-in-fact."); Orta Rivera v. Congress of the United States, 338 F. Supp. 2d 272, 277 (D. Puerto Rico 2004) (holding that Puerto Rican resident lacked standing based on harm to his "dignity, pride, and honor" due to Island's "colonial status"); see also Valley Forge Christian College, 454 U.S. at 485-86 (noting that plaintiffs had "fail[ed] to identify any personal injury suffered by them as a consequence of the alleged constitutional error") (emphasis in original).  Only in certain limited

circumstances — none of which exist here — do the courts recognize psychological harm as constituting "injury in fact." [7]

Thus, any psychological "harm" that plaintiffs may suffer due to Padilla's designation as an enemy combatant cannot constitute "concrete" injury such as to confer standing. Particularly given that Padilla has been convicted of several terrorism-related criminal offenses — conspiring to murder, kidnap, and maim persons outside the United States; conspiring to provide material support for terrorists; and providing material support for terrorists — and is now serving his sentence on those convictions, any purported mental or emotional "harm" to the plaintiffs from knowing that Padilla also remains a presidentially designated "enemy combatant" would be purely "subjective" and arbitrary. See Bigelow, 421 U.S. at 816-17. Plaintiffs "fail to identify any personal injury [currently] suffered by them as a consequence of" Padilla's designation as an enemy combatant, "other than the [alleged] psychological consequence" of knowing that the designation has not been rescinded. See Valley Forge Christian College, 454 U.S. at 485-86. Such purely subjective offense is not judicially cognizable.

---

[7] Most notably, courts have found standing based on certain psychological harms to vindicate rights under the Establishment Clause of the First Amendment and under federal environmental statutes. See Animal Legal Defense Fund, Inc. v. Glickman, 154 F.3d 426, 432 (D.C. Cir. 1998) (finding standing where plaintiff alleged "aesthetic interest in seeing exotic animals living in a nurturing habitat, and [had] attempted to exercise this interest by repeatedly visiting a particular animal exhibition"); Suhre v. Haywood County, 131 F.3d 1083, 1087 (4th Cir. 1997) ("[W]here there is a personal connection between the plaintiff and the challenged [religious] display in his or her home community, standing is more likely to lie" under Establishment Clause); see also Patel v. Bureau of Prisons, 515 F.3d 807, 817 (8th Cir. 2008) (dismissing Establishment Clause claim for lack of standing where plaintiff did not "allege that he altered his behavior or had direct, offensive and alienating contact as a result" of challenged governmental action).

## CONCLUSION

Accordingly, plaintiffs' claim against the Secretary of Defense in his official capacity should be dismissed.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

W. WALTER WILKINS
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director
Federal Programs Branch

s/ W. Scott Simpson

W. SCOTT SIMPSON (I.D. #9965)
Senior Trial Counsel

Federal Programs Branch, Civil Division
U.S. Department of Justice
Post Office Box 883
Washington, D.C. 20044
Telephone:  (202) 514-3495
Facsimile:   (202) 616-8470
E-mail: scott.simpson@usdoj.gov

Dated: August 25, 2008

COUNSEL FOR UNITED STATES
SECRETARY OF DEFENSE
IN HIS OFFICIAL CAPACITY