IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JOSE PADILLA, et al., | : | |
| | : | Case No. 2:07-410-HFF-RSC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DONALD RUMSFELD, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' RESPONSE TO INDIVIDUAL FEDERAL DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants' Notice of Supplemental Authority notifies this Court of the recent decision in *Pearson v. Callahan*, No. 07-751, 2009 WL 128768 (S.Ct. Jan. 21, 2009). *Pearson* reconsidered *Saucier v. Katz*, 533 U.S. 194 (2001), which had mandated a two-step sequence for resolving qualified immunity: whether "the facts alleged show the officer's conduct violated a constitutional right . . . must be the initial inquiry" in every qualified immunity case. *Id.* at 201. Only after completing this first step does the court turn to "the next, sequential step is to ask whether the right was clearly established." *Id.* The *Pearson* Court found that "while the sequence set forth [in *Saucier*] is often appropriate," 2009 WL 128768 at *9, "often beneficial," *id.*, and "often [] advantageous," *id.* at *13; it "should no longer be regarded as mandatory." *Id.* at *9.

The Court noted that "the *Saucier* Court was certainly correct in noting that the two-step procedure promotes the development of constitutional precedent and is especially valuable with

respect to questions that do not frequently arise in cases in which a qualified immunity defense is unavailable." *Id.*

It nevertheless recognized exceptions in which a district court may choose to first decide whether the right invoked was clearly established, including: (1) "where the briefing of constitutional questions is woefully inadequate," *id.* at *11; and (2) where deciding the constitutional issue would "fail to make a meaningful contribution" to constitutional precedent, *id.* at *10, because "the question will soon be decided by a higher court," *id.*, "rest[s] on an uncertain interpretation of state law," *id.*, or "is so fact-bound that the decision provides little guidance for future cases." *Id.*

In this case, none of those exceptions "prevent the lower courts from following the *Saucier* procedure[.]" *Id.* at *13. A copy of the *Pearson* opinion is attached.

Respectfully submitted,

Dated: January 26, 2009     /S/ Michael P. O'Connell
Michael P. O'Connell
STIRLING & O'CONNELL
145 King Street, Suite 410
P.O. Box 882
Charleston, S.C. 29402
(843) 577-9890
South Carolina Identifications 4260

Jonathan M. Freiman (*pro hac vice*)
Hope R. Metcalf (*pro hac vice*)
NATIONAL LITIGATION PROJECT OF THE ALLARD K.
     LOWENSTEIN INTERNATIONAL HUMAN RIGHTS CLINIC
Yale Law School
127 Wall Street
New Haven, CT 06510-8215
Telephone: (203) 498-4584
Facsimile: (203) 782-2889

2

*Of Counsel:*

WIGGIN AND DANA LLP
One Century Tower
265 Church Street
New Haven, CT  06510-7001

2:07-cv-00410-RMG     Date Filed 01/27/09     Entry Number 123     Page 3 of 3