IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| JOSE PADILLA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:07-410-HFF-RSC |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD H. RUMSFELD, et al., | ) | |
| | ) | |
| Defendants. | ) | March 2, 2009 |

**PLAINTIFFS' RESPONSE
TO SUPPLEMENTAL MEMORANDUM OF DEFENDANT GATES**

Defendant argues that the harm to Padilla's reputation flowing from designation as an "enemy combatant" does not give him standing to seek equitable relief from the designation because Plaintiffs "have submitted no 'concrete evidence' to support their allegations of reputational injury, and they can show no likelihood of injury to business interests, no impairment of the ability to 'practice [a] profession,' and no similar concrete harm." Supp. Mem. at 4. The argument is incorrect.

**First**, contrary to Defendant's characterization, neither of the cases cited by Plaintiffs at oral argument supports Defendant's theory that, *at the motion to dismiss stage*, Plaintiffs must submit "'concrete evidence' to support their allegations of reputational injury." *Id*. To the contrary, on a motion to dismiss challenging "how [the complaint] measures up to Article III's requirements," the court "must presume that the general allegations in the complaint encompass the specific facts necessary to support those allegations." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 104 (1998). Defendant makes much of the fact that the *Meese* and *Foretich* courts noted the presence in the record of affidavits supporting the claims of

reputational harm – but fails to mention the key fact that both cases involved appeals from grants of *summary judgment*, by which time a plaintiff must have come forward with evidence supporting his claims. *See Foretich v. United States*, 351 F.3d 1198, 1209 (D.C. Cir. 2003); *Meese v. Keene*, 481 U.S. 465, 468 (1987). There is no such requirement at the motion to dismiss stage, where all that is considered is whether an injury has been alleged in the complaint.

**Second**, neither of the new cases that Defendant cites stands for the proposition that a "factual showing of substantial likelihood of concrete harm due to 'reputational injury,'" is required in every case. In both cases, the claim of reputational injury was inherently speculative: it was unclear how the challenged action could harm the plaintiff's reputation and, moreover, the record evidence suggested that no such injury had or would occur. *See Ezzell Trucking, Inc. v. Fed. Motor Carrier Safety Admin.*, 309 F.3d 24, 26 (D.C. Cir. 2002); *Schaffer v. Clinton*, 240 F.3d 878, 885 & n.8 (10th Cir. 2001). By contrast, the stigmatizing effect of being publicly labeled a traitor cannot seriously be questioned. Indeed, it is hornbook law that allegations of treason are so inherently injurious to reputation that a plaintiff may satisfy the damages element of the tort of defamation merely by pleading the statements themselves, without any other allegation of harm. *See e.g.*, Restatement (Second) of Torts § 571 (imputations of criminal conduct or conduct involving moral turpitude require no additional special harm). Under Defendant's theory that reputational injury can never confer standing absent evidentiary proof, every federal court that has entertained a diversity action for defamation per se has done so without subject matter jurisdiction.

**Third**, Defendant's claim that reputational injury can constitute an injury-in-fact only if its *also* causes "injury to business interests . . . impairment of the ability to 'practice [a] profession,' [or] similar concrete harm," Supp. Mem. at 4, is clearly wrong, confusing two

distinct concepts: the minimum necessary for standing to seek equitable relief, and the more rigorous requirement necessary to establish a cognizable "liberty" interest. The distinction between them is critical. While "mere injury to reputation is not enough of an impingement on a person's liberty or property interest to trigger a requirement of due process . . . injury to reputation can nonetheless suffice for purposes of constitutional standing." *McBryde v. Comm. to Review Circuit Council Conduct & Disability Orders of the Judicial Conf. of the United States*, 264 F.3d 52, 56-57 (D.C. Cir. 2001), *cert. denied*, 537 U.S. 821 (2002); *accord Sims v. Young*, 556 F.2d 732, 734 (5th Cir. 1977) (finding that while a "blot" on plaintiff's record might "not rise to the level of a liberty interest . . . . certainly it is enough to satisfy the injury-in-fact requirement of standing, a quite different concept.").[1] Contrary to Defendant's contention, the *Foretich* court very clearly stated that reputational injury alone was sufficient to confer standing. *See Foretich*, 351 F.3d at 1214 ("In this case, as in *Keene* and *McBryde*, Dr. Foretich contends that the cited government action . . . directly damages his reputation and standing in the community by effectively branding him a child abuser and an unfit parent. This is sufficient to satisfy the requirements of Article III.").

     The probable source of Defendant's confusion is that courts do require "some tangible, concrete effect" in addition to reputational harm "when injury to reputation is alleged as a secondary effect *of an otherwise moot action*." *Foretich*, at 351 F.3d at 1212. Thus, the lingering reputational effects of a suspension imposed on a federal district court judge did not provide the judge with standing to challenge the suspension after the suspension had already expired. *Id*. (discussing *McBryde*, 264 F.3d at 54-57). But in contrast to an expired suspension,

---

[1] The *Foretich* case, cited by Plaintiffs at oral argument and discussed by Defendant in his supplemental memo, relies heavily on *McBryde*. Plaintiffs bring *Sims* to the Court's attention to respond to Defendant's effort to distinguish *Foretich*.

3

a reprimand that stayed in place *did* give the judge standing, predicated *solely* upon reputational injury, to seek equitable relief. *Id*. at 1213-14 (discussing *McBryde*, 264 F.3d at 54-57). That was because where "reputational injury derives directly from *an unexpired and unretracted government action*, that injury satisfies the requirements of Article III standing to challenge that action." *Id.* at 1213 (emphasis added). In short, in *McBryde*, "[t]he reprimand . . . *had no legal effect on the judge*, but was, of course, a blight on his reputation. In concluding that the judge's reputational injury established a cognizable 'injury in fact' under *Meese v. Keene*, the D.C. Circuit *relied solely on the serious effect of the reprimand on the judge's reputation*." *Gully v. Nat'l Credit Union Admin. Bd.*, 341 F.3d 155, 162 (2d Cir. 2003) (emphasis added) (likewise finding "reputational injury sufficient to establish 'injury in fact'").[2]

The designation of Padilla as an "enemy combatant" – a traitor – has a self-evidently serious effect on Padilla's reputation. It presents a live controversy, like the "public reprimand" in *McBryde*, the "blot on the record" caused by the suspension in *Sims*, and the unretracted legislation that labeled the plaintiff a child abuser in *Foretich*. "In this case, as in *Keene* and *McBryde*, [Padilla] contends that the cited government action . . . directly damages his reputation and standing in the community by effectively branding him a [traitor]. This is sufficient to satisfy the requirements of Article III. This alleged injury to [Padilla's] reputation is a concrete and direct result of the [designation]." *Foretich*, 351 F.3d at 1214. Accordingly, Padilla has standing to seek equitable relief from Defendant Gates.

---

[2] In *Gully*, a government entity argued that a plaintiff could not maintain an equitable claim merely on the basis of her claim that her reputation had been harmed when the board found her unfit to participate in the affairs of a federally-insured credit union, because the claim was "too vague to constitute an injury in fact." 314 F.3d at 161. The court rejected that argument, characterizing the reputational injury as "self-evident." *Id*. at 162. Plaintiffs bring *Gully* to the Court's attention in response to Defendant's attempt to distinguish *Foretich*.

4

Respectfully submitted,

 /s/ Michael P. O'Connell

Michael P. O'Connell
STIRLING & O'CONNELL
145 King Street, Suite 410
P.O. Box 882
Charleston, S.C.  29402
(843) 577-9890
South Carolina Identifications 4260

Jonathan M. Freiman (*pro hac vice*)
Hope R. Metcalf (*pro hac vice*)
NATIONAL LITIGATION PROJECT OF THE
ALLARD K. LOWENSTEIN INTERNATIONAL
HUMAN RIGHTS CLINIC
Yale Law School
127 Wall Street
New Haven, CT  06510-8215
Telephone:  (203) 498-4584

Tahlia Townsend (*pro hac vice*)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
New Haven, CT  06510-7001

*Attorneys for plaintiffs*