**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| JOSE PADILLA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:07-410-HFF-RSC |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD H. RUMSFELD, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**INDIVIDUAL FEDERAL DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Donald H. Rumsfeld, John Ashcroft, Paul Wolfowitz, Lowell E. Jacoby, Michael H. Mobbs, William Haynes, Catherine T. Hanft, Melanie A. Marr, Stephanie L. Wright, Mack Keen, Sandy Seymour, and Dr. Craig Noble (collectively, the "Individual Federal Defendants") respectfully submit this Notice to alert the Court to the Supreme Court's recent decision in *Ashcroft v. Iqbal*, slip op., No. 07-1015, 2009 WL 1361536 (S. Ct. May 18, 2009).

In their Motion to Dismiss, Individual Federal Defendants argued that the claims against them should be dismissed on several grounds, among them that Plaintiffs have failed to plead adequate and plausible factual allegations that Individual Federal Defendants personally participated in any claimed violations of Plaintiffs' constitutional rights. *See* Individual Federal Defendants' Motion to Dismiss at 27-38; Individual Federal Defendants' Reply to Plaintiffs' Opposition to Motion to Dismiss at 10-17. In *Iqbal*, the Supreme Court evaluated the sufficiency of a complaint against two high-ranking government officials sued in their individual capacities under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). In reversing the denial of the officials' motion to dismiss for failure to sufficiently allege their personal involvement in clearly established

unconstitutional conduct, the Court explained how the *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) pleading standard applies to a *Bivens* supervisory liability claim. *Iqbal*, 2009 WL 1361536, at *10-16. The Supreme Court ruled, at the motion to dismiss stage, that high-level government officials – in that case, the Attorney General and Director of the Federal Bureau of Investigation – cannot be held individually liable based on "the misdeeds of their agents," "mere knowledge of [a] subordinate's" allegedly unconstitutional conduct, or conclusory allegations of adopting a supposedly unconstitutional policy that may be "consistent with" illegal conduct but that are "more likely" explained by legal conduct. *Id.* at *12, 14-15. For example, *Iqbal* rejected as "bare assertions" not entitled to the assumption of truth the allegations that Ashcroft and Mueller "knew of, condoned, and ... agreed to subject [Iqbal]" to harsh conditions, that Ashcroft was the "principal architect" of the policy, and that Mueller was "instrumental" in adopting and executing it. *Id.* at *14. Rather, in a *Bivens* action, a plaintiff must plead that each Government-official defendant, "through the official's own individual actions, has violated the Constitution." *Id.* at *11; *see also id.* at *15 (emphasis added) ("petitioners cannot be held liable <u>unless</u> <u>they</u> <u>themselves</u> acted on account of a constitutionally protected characteristic").

*Iqbal* compels the dismissal of the claims against the Individual Federal Defendants because, like the plaintiff in *Iqbal*, Plaintiffs here offer only "conclusory statements," without pleading "sufficient factual matter to show" that each Individual Federal Defendant purposefully and personally violated their constitutional rights. *Id*. at *11-13; *see, e.g.*, Plaintiffs' Third Amended Complaint at ¶36 (alleging that Ashcroft, Rumsfeld, Jacoby, Wolfowitz, Mobbs and Haynes had knowledge and participated in the development by "government lawyers" of "an extra-judicial, ex parte assessment of enemy combatant status followed by indefinite military detention"); ¶108

(emphasis added) (alleging "[u]pon information and belief, interrogation plans for detainees at the Brig were devised and approved by <u>Defendant Jacoby's agency</u>"); ¶111 (alleging "[u]pon information and belief, Senior Defense Policy Defendants were on notice of but deliberately indifferent to the harmful effects of the methods of interrogation and conditions of confinement applied to Mr. Padilla"); ¶124 (alleging that "[d]espite actual or constructive knowledge of the unlawful conditions of confinement, interrogation practices, and violations of constitutional rights to which Padilla was subjected...Senior Defense Policy Defendants and Operational Defendants failed to take steps to halt those violations...").

A copy of the *Iqbal* opinion is attached.

Respectfully submitted,

W. WALTER WILKINS
UNITED STATES ATTORNEY


By:    s/BARBARA M. BOWENS
Barbara M. Bowens (#4004)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
(803) 929-3000

MICHAEL F. HERTZ
Deputy Assistant Attorney General
Civil Division

May 27, 2009

TIMOTHY P. GARREN
Director, Torts Branch
Civil Division

MARY HAMPTON MASON
Senior Trial Counsel (admitted *pro hac vice*)

GLENN S. GREENE (admitted *pro hac vice*)

-3-

SARAH WHITMAN

Trial Attorneys
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146
Ben Franklin Station
Washington, DC 20044
Telephone:  (202) 616-4143
Facsimile:  (202) 616-4314
E-mail: glenn.greene@usdoj.gov

*Attorneys for Defendants Donald H. Rumsfeld, John Ashcroft, Paul Wolfowitz, Lowell E. Jacoby, Michael H. Mobbs, William Haynes, Catherine T. Hanft, Melanie A. Marr, Stephanie L. Wright, Mack Keen, Sandy Seymour, Dr. Craig Noble and Robert Gates*